IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CARA ELLISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.  Case No. 1:22CV162 ACL |
| | ) |
| BRANDON FRIEDLANDER, | ) |
| | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORNDUM AND ORDER**

This case arises from Plaintiff's allegations of negligence resulting from a motor vehicle accident.  Presently before the Court is Defendants' Motion to Compel Independent Medical Examination ("IME") of Plaintiff and for Extension of Time to Designate Expert Witnesses. (Doc. 38.)

Defendants contend that good cause exists for their request for a physical examination of Plaintiff because she has placed her physical condition in controversy.  They note that Plaintiff alleges that she suffered injuries to her neck, shoulder, arms, back, and legs, which are "permanent, disabling, and progressive" (Doc. 25 at p. 4.)  Defendants argue that they have been unable to properly assess their expert disclosure needs due to Plaintiff's objection to Defendants' IME request.  Defendants therefore request that their expert deadlines be extended by sixty days. Plaintiff opposes the Motion.

Rule 35(a) provides that a Court may "order a party whose mental or physical condition ... is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner."  Although Rule 35 is construed in favor of granting an independent

examination, the moving party must demonstrate a party's physical or mental condition is in controversy and good cause exists for the request.  Fed. R. Civ. P. 35(a)(2)(A); *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964); *Bieser v. J.E. Phillips & Sons, Inc.*, No. 4:12-CV-386-JAR, 2013 WL 1611483, at *1 (E.D. Mo. April 15, 2013).  Further, the moving party must set forth the "time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it...."  Fed. R. Civ. P. 35(a)(2)(B).

The parties do not dispute that Plaintiff has placed her medical condition in controversy.  Plaintiff argues that Defendants have failed to demonstrate good cause exists, because Defendants' Motion violates Federal Rule of Civil Procedure 35 and the Case Management Order.  Plaintiff also opposes Defendants' request to extend the expert deadlines.

The Case Management Order provides that requests for physical examinations of parties pursuant to Rule 35 be made no later than September 10, 2023, and any examinations must be completed by October 10, 2023.  (Doc. 20 at p. 2.)  Defendants' deadline for the disclosure of expert witness names and reports was October 22, 2023, and the deadline for the completion of Defendants' expert depositions is November 22, 2023.  *Id.*

Defendants filed the instant motion to compel Plaintiff's IME on October 23, 2023.  The Motion states that Defendants timely requested an IME of Plaintiff on September 1, 2023, by letter to Plaintiff's counsel.  (Doc. 38-1.)  Specifically, the letter requested an IME performed by Dr. Peter Anderson on September 14, 2023, at 11:45 a.m., at Dr. Anderson's office in Glen Carbon, Illinois.  *Id.*  On the same date, Plaintiff's counsel responded to the request by objecting to the location of the proposed IME.  (Doc. 38-2.)  Counsel noted that Dr. Anderson's office was "approximately 220 miles (one way) from [Plaintiff's] home and is outside of the Eastern District of Missouri."  *Id.*  Counsel indicated that Plaintiff did not object to appearing for an

examination within the Eastern District of Missouri, but would likely require reasonable travel and lodging expenses.  *Id.*  Defendants' counsel responded that they would consider paying Plaintiff's travel expenses, but maintained the position that the examination be conducted in Glen Carbon.  (Doc. 38-3.)  The parties continued to correspond regarding the location and terms of Plaintiff's IME, but were ultimately unsuccessful in reaching an agreement.  (Docs. 38-3, 38-4, 38-5.)

Although Defendants' Motion to Compel was filed after the deadline for requesting physical examinations, the record reveals that Defendants' informal request for an IME of Plaintiff was timely.  Defendants filed its Motion only after the parties were unable to reach an agreement regarding the location of Plaintiff's IME.  There is no dispute that Plaintiff's physical condition is in controversy.  Thus, Defendants have demonstrated good cause for their request of an IME of Plaintiff.

The Court must next determine the location of the examination.  "The general rule is that mental or physical examinations" ordered under Civil Rule 35 "should occur in either the district where the case is pending or where the plaintiff resides."  *Weeks v. Sands*, No. 20-CV-2709-TMP, 2021 WL 1269086, at *3 (W.D. Tenn. Apr. 6, 2021).

Here, Defendants have requested that this Court order Plaintiff to attend a physical examination in Glen Carbon, Illinois, which is outside the Eastern District of Missouri, and approximately 220 miles each way from Plaintiff's residence in Kewanee, Missouri.  The Court finds that an order directing Plaintiff to attend an examination in Glen Carbon is not justified.  Significantly, Defendants have not articulated why a 440 round trip is necessary for a physical examination in light of "specific medical expertise needed that is not available locally."  *Vandergriff v. Red Robin Int'l,* No. 1:14-CV-177-SKL, 2016 WL 1735857, at *3 (E.D. Tenn.

May 2, 2016).  Plaintiff's chosen forum is the Eastern District of Missouri, a forum that hosts numerous hospitals and medical centers.  *See Blount v. Wake Elec Membership Corp.*, 162 F.R.D. 102, 107 (E.D. N.C. 1993) ("It is difficult for the court to believe that there are no qualified neurologists in the Eastern District of Virginia, where Plaintiff resides, or in the Eastern District of North Carolina, where this action was brought.").

Thus, although Defendants have demonstrated good cause for an IME of Plaintiff, they have not established good cause for this Court to order that Plaintiff attend an examination in Glen Carbon, Illinois.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Compel Independent Medical Examination of Plaintiff (Doc. 38) is **granted in part** and **denied in part**.  Defendants' request for an Independent Medical Examination of Plaintiff is **granted**, but it is **denied** with respect to the location of the examination.

**IT IS FURTHER ORDERED** that Plaintiff Cara Ellison shall submit to an Independent Medical Examination at a date and time mutually agreed upon by the parties **no later than December 18, 2023**.  The examination shall be performed by a provider chosen by Defendants **at a location within the Eastern District of Missouri**.  Defendants shall pay Plaintiff's reasonable expenses incurred with respect to this testing.

**IT IS FURTHER ORDERED** that Defendants' Motion for Extension of Time to Designate Expert Witnesses (Doc. 38) is **granted**.  The Case Management Order is amended as follows:  Defendants must disclose all expert witnesses and provide the reports required by Rule 26(a)(2) no later than **December 22, 2023**, and must make expert witnesses available for

depositions, and have depositions completed, no later than **January 22, 2024**. The parties must complete all discovery in this case no later than **January 22, 2024**.

_____
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 16th day of November, 2023.