UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CARA ELLISON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:22CV162 ACL |
| BRANDON FRIEDLANDER, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This case arises from a motor vehicle accident in which Plaintiff alleges that she sustained injuries due to Defendants' negligence. Presently pending is Defendants' Motion in Limine to Exclude Evidence Related to Fault and Subsequent Remedial Measures. (Doc. 79.)

Defendants argue that the Court should exclude "all evidence, testimony, and reference during any part of the trial process…irrelevant evidence related to fault for the underlying motor vehicle accident, and subsequent remedial measures involving Defendant Brandon Friedlander following the subject accident." (Doc. 79 at p. 1.) Defendants state that they have admitted fault. Specifically, Defendants have admitted that Defendant Friedlander "was negligent in the operation of his motor vehicle at the time of the subject accident in that he failed to keep a careful lookout." *Id.* Defendants note that Plaintiff only alleges vicarious liability against Defendant Bennett Truck Transport, LLC ("Bennett") and presents no claims for direct negligence against Bennett.

Plaintiff responds that Defendants' Motion should be denied because: (1) Defendants have not made an unqualified admission of liability, (2) Plaintiff has the right to present to the jury competent and relevant evidence to show the circumstances of liability, and (3) Defendants'

1

own expert witness, Dr. Anthony Crawford, relies on facts of liability to come to his conclusions.

## Discussion

Defendants argue that under Missouri law, once an employer has admitted respondeat superior liability—as Defendant Bennett has in this matter—it is improper to allow a plaintiff to proceed against the employer on any other theory of imputed liability.  Defendants rely principally on *McHaffie ex rel. McHaffie v. Bunch*, 891 S.W.2d 822 (Mo. 1995).

Under the *McHaffie* rule, "once an employer has admitted respondeat superior liability for a driver's negligence, it is improper to allow a plaintiff to proceed against the employer on any other theory of imputed liability." *McHaffie*, 891 S.W.2d at 826.  In other words, "*McHaffie* prohibits a plaintiff from going to the jury on multiple alternative theories of imputed liability." *Coomer v. Kansas City Royals Baseball Corp.*, 437 S.W.3d 184, 206 (Mo. banc 2014).

In *McHaffie*, a plaintiff injured in an accident sued the driver of a vehicle and the driver's employer, alleging a claim of negligence against the driver, a claim of vicarious liability against the employer, and claims of negligent hiring and supervision against the employer. *Id.* at 824.  The Missouri Supreme Court held that "once the agency relationship was admitted, it was error to permit a separate assessment of fault to defendant [employer] based upon the 'negligent entrustment' or 'negligent hiring' theories of liability"; it also held that it was error to admit evidence on those theories. *Id.* at 827.  The Court provided the following rationale:

> If all of the theories for attaching liability to one person for the negligence of another were recognized and all pleaded in one case where the imputation of negligence is admitted, the evidence laboriously submitted to establish other theories serves no real purpose. The energy and time of courts and litigants is unnecessarily expended. In addition, potentially inflammatory evidence comes into the record which is irrelevant to any contested issue in the case. Once vicarious liability for negligence is admitted under respondeat superior, the person to whom negligence is imputed becomes strictly liable to the third party for damages attributable to the conduct of the person from whom negligence is imputed. The liability of the employer is fixed by the amount of liability of the

2

>employee. This is true regardless of the "percentage of fault" as between the party whose negligence directly caused the injury and the one whose liability for negligence is derivative.

*Id.* at 826 (internal citations omitted).

Plaintiff agues that *McHaffie* is distinguishable in that the plaintiff was asserting multiple theories *of derivative liability against the employer*. Where agency already been established and the imputation of negligence against the employer was admitted, the additional evidence submitted to impute liability against the employer served no purpose. Here, Plaintiff concedes that Defendant Bennett's liability is purely derived from the negligence of its agent, Defendant Friedlander. Plaintiff is not attempting to assert multiple theories of liability against Defendant *Bennett*. Instead, Plaintiff argues that she is entitled to present her claims against Defendant *Friedlander* for his negligence. The undersigned agrees.

The general rule in Missouri as to a judicial admission was stated in *Ruppel v. Clayes,* 72 S.W.2d 833, 835 (ST.L.D.1934): "[a] party is not required to accept a judicial admission of his adversary, but may insist on proving the fact." (internal quotation and citation omitted). "Phrased another way, a 'party bearing the burden of proof is not bound to a party's admission.'" *Cogdill v. Flanagan ex rel. Larson*, 410 S.W.3d 714, 723 (Mo. Ct. App. 2013). Instead, the party bearing the burden of proof "may elect to present evidence to prove the issue at jury trial." *Id.*

Defendants did not admit all the specific grounds of liability alleged in Plaintiff's Complaint. Plaintiff alleges that Defendant Friedlander failed to keep a careful lookout, failed to exercise the highest degree of care while operating a motor vehicle, failed to keep his vehicle entirely within a single lane, and attempted to overtake a vehicle when it was not safe to do so.

3

She additionally alleges liability under a theory of negligence *per se* based on Friedlander's failure to comply with Missouri traffic laws.

During the pre-trial conference, Defendants were granted leave without objection to amend their Answer to make a full admission of fault.  In response, Plaintiff agreed that no reference will be made to violations of hours-of-service regulations or Mr. Friedlander's cell phone records unless Mr. Friedlander opens the door, or to Defendant Bennett's subsequent remedial measures.   Additionally, Plaintiff has indicated in her Response that she does not object to the exclusion of evidence pertaining to driver training offered by Defendant Bennett, nor to evidence of whether Defendant Friedlander participated in such training.

Even so, "a plaintiff has the right to introduce evidence *relevant to the issue of liability*" and the right "to present to the jury, in his own way, competent and relevant evidence *to show all the circumstances attending [to] the accident*."  *Kenney v. Myers*, 674 S.W.3d 139, 145 (Mo. Ct. App. 2023) (emphasis in original) (quoting *Ruppel*, 72 S.W.2d at 835).

Further, as Plaintiff points out, Defendants' biomechanical expert, Dr. Anthony Crawford, relies on facts pertaining to liability to come to his conclusions.  For example, he describes Plaintiff's movement as "minimal" during the impact between the vehicles and estimates the speeds of the parties' vehicles.  Plaintiff accurately notes that the respective speeds and movements of the vehicles, as well as the result of the impact on Plaintiff's movement within the vehicle, bear on the biomechanical analysis of the parties' experts and Mr. Friedlander's credibility, which is relevant.

The Court finds that Plaintiff may present evidence of liability for the reasons set out above.

Accordingly,

4

      **IT IS HEREBY ORDERED** that Defendants' Motion in Limine to Exclude Evidence Related to Fault and Subsequent Remedial Measures (Doc. 79)  is **granted in part and denied in part** as set out in this Memorandum and Order.

                                   /s/ *Abbie Crites-Leoni*
                                   ABBIE CRITES-LEONI
                                   UNITED STATES MAGISTRATE JUDGE

Dated this 23rd day of January, 2025.