UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CARA ELLISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:22CV162 ACL |
| ) | |
| BRANDON FRIEDLANDER, et al., ) | |
| ) | |
| Defendants. ) | |

**AMENDED MEMORANDUM AND ORDER**

This case arises from a motor vehicle accident in which Plaintiff alleges that she sustained injuries due to Defendants' negligence.  Presently pending is Defendants' Motion to Partially Exclude or Limit Undisclosed Expert Opinion Testimony of Dr. David Raskas.  (Doc. 64.)  This matter is fully briefed and ripe for disposition.

Defendants argue that the Court should exclude any opinions of Dr. Raskas—identified by Plaintiff as a non-retained expert—beyond those reflected in Dr. Raskas' disclosed medical records as a treating physician of Plaintiff.  Dr. Raskas performed a multi-level cervical disc arthroplasty on Plaintiff in September of 2018.  Defendants dispute that this surgery was causally related to the March 26, 2018 accident at issue in this action.  In support of this position, Defendants rely on the comparison of magnetic resonance imaging (MRI) studies of Plaintiff's cervical spine prior to the accident, on November 17, 2017; and after the accident, on April 11, 2018.  Defendants' retained experts have expressed the opinion that the two MRIs are essentially unchanged.  Because Plaintiff did not disclose a report by Dr. Raskas regarding his review of the November 2017 MRI, Defendants argue that the Court should preclude any such testimony at trial.

1

In her Response, Plaintiff admits that Dr. Raskas reviewed the 2017 MRI on January 15, 2021—after his treatment of Plaintiff ended—and that she failed to provide a report to that effect. She contends that her non-disclosure was nevertheless harmless, as Defendants were placed on notice that Dr. Raskas reviewed prior imaging through the Rule 26(a) disclosures and prior to litigation.

### A. Standard

Rule 26(a) requires parties to disclose all witnesses who will give expert testimony. Fed. R. Civ. P. 26(a); *Kapp v. Steingrandt*, No. 4:20-CV-221 JAR, 2021 WL 1546231, at *3 (E.D. Mo. Apr. 20, 2021). "The nature and extent of what a party needs to disclose about its expert witness turns on whether or not the expert witness is 'retained or [specially] employed to provide expert testimony in the case.'" *Vanderberg v. PetCo Animal Supplies Stores, Inc*, 906 F.3d 698, 702 (8th Cir. 2018) (quoting Fed. R. Civ. P. 26(a)(2)(B). When an expert witness, such as a treating physician, was not specifically employed or retained for litigation, parties need only disclose "the subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify." *Kapp*, 2021 WL 1546231 at 2 (quoting Fed. R. Civ. P. 26(a)(2)(C)). Rule 26(e) requires a party who has made a disclosure under Rule 26(a) to supplement or correct its disclosure "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect...." Fed. R. Civ. P. 26(e)(1)(A).

### B. Discussion

**(i)    Plaintiff's Noncompliance with Rule 26(a)**

In her February 17, 2023 Rule 26(a) disclosures, Plaintiff disclosed that Dr. Raskas would be called as a non-retained treating physician and would provide expert testimony on the

2

causation and treatment of Plaintiff's injuries. (Doc. 65-1 at p. 9.) Plaintiff's disclosure stated that, based on his "observations of Plaintiff's records and history, *including relevant imaging*, and on his expertise as a[n] orthopedic surgeon," Dr. Raskas diagnosed Plaintiff's injuries as cervical stenosis, cervical foraminal stenosis, herniated disc at C5-6 and C6-7, neck and back pain, cervical myelopathy with cervical radiculopathy, and cervical cord compression with myelopathy. *Id.* (emphasis added). Plaintiff indicated that Dr. Raskas expressed the opinion that Plaintiff's medical treatment, including the cervical spinal fusion and disc replacement, was directly related to the injuries she suffered as a result of the accident. *Id.*

Defendants did not depose Dr. Raskas. Following the depositions of Defendants' experts, Plaintiff identified a rebuttal expert, Lawrence Wilson, who responded to Defendants' biomechanical expert, Dr. Crawford. (Doc. 65-2 at p. 11.) Plaintiff did not amend her disclosure of Dr. Raskas' opinions as a non-retained expert.

Defendants state that they learned in pre-trial discussions that Plaintiff plans to offer expert opinion testimony from Dr. Raskas related to the November 17, 2017 MRI, thereby contesting Defendants' retained experts' opinions on medical causation. Defendants argue that such testimony should be precluded because Rule 26 mandates production of a report and Plaintiff did not provide a report by Dr. Raskas with that opinion. Similarly, if Plaintiff intends to offer testimony from Dr. Raskas at trial relating to Dr. Raskas' review of another medical provider's records, Defendants argue that such testimony should be excluded.

In her Response, Plaintiff indicates that Dr. Raskas treated Plaintiff from April 17, 2018, through June 25, 2019. Plaintiff states that the medical records created by Dr. Raskas related to his treatment of Plaintiff's injuries include Dr. Raskas' opinion that the accident was the cause of Plaintiff's injuries and treatment. She states that these records were provided to Defendants

3

pursuant to her Rule 26(a) disclosures, along with the summary of Dr. Raskas' opinion.  Plaintiff argues that her disclosure placed Defendants on notice that Dr. Raskas would testify regarding causation based on his review of prior imaging.

At the same time, Plaintiff acknowledges that "Dr. Raskas' records do not contain a reference to his review of the 2017 imaging study at issue in Defendants' Motion."  (Doc. 81 at p. 4.)  In fact, Plaintiff admits that "to the best of her knowledge, Dr. Raskas' review of the 2017 MRI occurred on January 15, 2021, during the parties' pre-litigation mediation."  (Doc. 81 at p. 5.)[1]  Additionally, Defendants have attached treatment notes of Dr. Raskas from an August 14, 2018 visit, prior to surgery, in which Dr. Raskas states that Plaintiff "has no prior history referable to any significant cervical problem *in her life*."  (Doc. 65-4 at p. 2.) (emphasis added).

The arguments in Plaintiff's Response appear contradictory because Plaintiff conflates two distinct issues:  (1) whether Dr. Raskas should be permitted to testify that the accident was the cause of Plaintiff's injuries based on his treatment of Plaintiff as her treating physician; and (2) whether Dr. Raskas should be permitted to testify that the accident was the cause of Plaintiff's injuries *based on the post-treatment comparison of the 2017 MRI and the 2018 MRI*.  Defendants do not appear to dispute the former: that Dr. Raskas may testify as to causation based on his treatment of Plaintiff, consistent with Plaintiff's Rule 26(a) disclosure summary and Dr. Raskas' medical records.  The narrow issue identified in Defendants' Motion is whether Dr. Raskas may provide opinion testimony *specifically comparing the 2017 MRI to the 2018 MRI*.

Based on the record before the Court, including Plaintiff's admissions, the Court finds that Dr. Raskas did not review Plaintiff's 2017 MRI until January 15, 2021, well after his

---

[1] Any reference to Dr. Raskas' review of the 2017 MRI during the pre-litigation mediation is both inadmissible and does not satisfy the disclosure requirements of Rule 26(a).

4

treatment of Plaintiff ended.  As such, any opinion regarding the differences between the 2017 and 2018 MRIs was not formed during his treatment of Plaintiff.

If a treating physician will testify about matters outside the realm of treatment, "disclosure requirements are triggered." *Gruttemeyer v. Transit Authority*, 31 F.4th 638, 644 (8th Cir. 2022); *see also Kapp*, 2021 WL 1546231 at * 4 ("[I]f a treating physician 'seeks to testify outside the scope of the treatment rendered,' the physician is considered 'retained' to provide expert testimony and will need to file an expert report." (quoting *Dixon v. Legacy Transportation Sys., LLC*, No. 215CV01359JADPAL, 2017 WL 4004412, at *3 (D. Nev. Sept. 11, 2017))).

Because Dr. Raskas formed his opinion regarding the 2017 MRI outside the course of treatment, Plaintiff was required to disclose an expert report under Rule 26(a)(2)(B) to Defendants.  It is undisputed that Plaintiff never disclosed such a report.  Thus, Plaintiff failed to comply with Rules 26(a) and (e).

**(ii)    Rule 37(c)**

Having concluded that Plaintiff's disclosures violate Rule 26(a)(2), the Court turns to the appropriate remedy.  Plaintiff's failure to provide a proper disclosure brings her within the ambit of Federal Rule of Civil Procedure 37.  *See Vanderberg*, 906 F.3d at 702 (noting that Rule 37 "give[s] teeth" to Rule 26).  When a party fails to provide a sufficient disclosure under Rule 26(a), "[T]he party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).  In determining how to remedy a party's insufficient disclosure of an expert, a court should consider, among other things, "the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony

5

would disrupt the order and efficiency of the trial, and the importance of the information or testimony." *Gruttemeyer*, 31 F.4th at 645 (quoting *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008)). Additionally, "'[a] treating physician's expert opinion on causation is subject to the same standards of scientific reliability that govern the expert opinions of physicians hired solely for purposes of litigation.'" *Brooks v. Union Pacific R. Co.*, 620 F.3d 896, 900 (8th Cir. 2010) (quoting *Turner v. Iowa Fire Equip. Co.*, 229 F.3d 1202, 1207 (8th Cir. 2000) (affirming the district court's decision to strike the treating physician's opinion and to grant summary judgment in favor of the defendants due to the lack of evidence of causation); *see also Bland v. Verizon Wireless, (VAW) L.L.C.*, 538 F.3d 893, 899 (8th Cir. 2008) (affirming summary judgment following the exclusion of a treating physician's causation opinion).

Plaintiff contends that Defendants were placed on notice that Dr. Raskas reviewed prior imaging through Plaintiff's Rule 26(a) disclosures and retained expert witnesses to compare the 2017 and 2018 cervical MRIs. Despite this notice, Plaintiff contends that Defendants chose not to conduct a discovery deposition of Dr. Raskas. Plaintiff thus contends that, as in *Kapp*, this Court should find any nondisclosure harmless.

Although Plaintiff relies upon *Kapp*, this holding is inapposite. The Court in *Kapp* found that the Plaintiff's failure to comply with the disclosure requirement of Rule 26(a)(2)*(C)* with respect to a treating physician's causation opinion *formed during the course of his treatment* was harmless. 2021 WL 1546231 at * 3. Next, in circumstances analogous to the instant case, the Court found that the same physician's opinion regarding the permanency of the plaintiff's injuries was *not* formed during his treatment of Plaintiff because it was based on information he learned outside the course of treatment. *Id.* at *4. As such, the treating physician was required to author an expert report pursuant to Rule 26(a)(2)(B). *Id.* The Court found that plaintiff's

6

failure to provide an expert report under Rule 26(a)(2)(B) was prejudicial to the defendants because they could not prepare an informed line of questioning to assess the physician's credibility. *Id.*

The Court finds that Plaintiff's failure to provide an expert report pursuant to Rule 26(a)((2)(B) was not justified or harmless. Defendants' counsel represented that they learned of Plaintiffs' intent to offer testimony regarding Dr. Raskas' review of the 2017 MRI during a pre-trial telephone conference with the Court on December 31, 2024, less than a month before trial. As a result, Defendants have not had an opportunity to effectively examine Dr. Raskas' causation opinion as it relates to the prior imaging, which prevents them from effectively preparing for his cross-examination at trial. Thus, the exclusion of Dr. Raskas' opinion regarding the 2017 MRI is required.

The Court emphasizes that Dr. Raskas may still testify that Plaintiff's injuries were caused by the accident *to the extent this opinion is reflected in his disclosed treatment notes*. He is prohibited from testifying regarding any opinions formed post-treatment regarding his review of the 2017 MRI or otherwise.

On January 20, 2025, Defendants filed their Supplemental Motion to Limit Expert Opinion Testimony of Dr. Barry Feinberg. (Doc. 87.) Defendants request that the Court limit the opinion of non-retained treating physician Dr. Feinberg for the same reasons and in the same manner as discussed in their Motion to Exclude Dr. Raskas' testimony. Specifically, Defendants argue that Dr. Feinberg's trial testimony should be limited to the opinions expressed in his records under Rule 26(a)(2) and 37(c)(1). Defendants do not point to any specific testimony to which they object. At the pre-trial conference, Plaintiff's counsel represented that, to the best of her knowledge, Dr. Feinberg would not testify regarding any records or opinions outside his own

7

records.  The Court finds that Dr. Feinberg's testimony should be limited to the opinions expressed in his own records for the same reasons discussed with regard to Dr. Raskas.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Partially Exclude or Limit Undisclosed Expert Opinion Testimony of Dr. David Raskas (Doc. 64) is **granted** as set out in this Memorandum and Order.

**IT IS FURTHER ORDERED** that Defendants' Supplemental Motion to Limit Expert Opinion Testimony of Dr. Barry Feinberg.  (Doc. 87) is **granted** as set out in this Memorandum and Order.

                                                              /**s**/ *Abbie Crites-Leoni*
                                                              ABBIE CRITES-LEONI
                                                              UNITED STATES MAGISTRATE JUDGE

Dated this 24th day of January, 2025.